## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Jamuna Real Estate, LLC; Bagga Enterprises, Inc.; United Management Services, Inc.,<br><br>        Debtors. | In the United States Bankruptcy Court for the Eastern District of Pennsylvania<br><br>Case Nos. 04-37130 (SR); 04-37136 (SR); 04-37132 (SR) (consolidated under Case No. 04-37136 (SR)) |
| Marvin Krasny, in his Capacity as Chapter 7 Trustee of United Management Services, Inc., et al.,<br>        Plaintiffs,<br><br>v.<br><br>Pratpal Bagga, et al.,<br><br>        Defendants. | Adv. Nos. 06-128, 06-129 and 06-130<br><br>Misc. No. |

## MOTION OF CHAWLA DEFENDANTS TO COMPEL
## PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA

Defendants Ravinder Chawla, Hardeep Chawla, Sant Properties, HB Properties, Inc., HB Properties LLP and World Apparel Products, Inc. (the "Chawla defendants"), by and through their undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby move (the "Motion") this Court to enter an order enforcing the subpoena issued by this Court (the "Subpoena") that they served upon Captec Financial Corporation ("Captec"), and in support thereof state as follows:

### Introduction

1.     The Chawla defendants are involved in the above-captioned litigation pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania.  On May 2, 2007, the Chawla defendants served the Subpoena on Captec.  A copy of that Subpoena is attached to the Motion as Exhibit "A."  Captec served objections to the Subpoena on May 14, 2007 (the

"Objections").  Copies of the Objections are attached as Exhibit "B."  Captec produced no

documents in response to the Subpoena.  As explained below, the Chawla defendants are forced

to file this Motion to compel Captec to produce the documents.

### Description Of The Litigation

2.        In three related bankruptcies, two Trustees and a secured lender are prosecuting a

multi-count complaint that, as relevant here, includes RICO, RICO conspiracy and aiding and

abetting breach of fiduciary duty claims against the Chawla defendants.  The plaintiffs' claims

arise out of the failure by defendants Pratpal (Paul) and Kushvinder (Kushi) Bagga and related

entities (the "Baggas") to repay loans taken out by them for the purchase of Arby's franchises in

Texas and Pennsylvania (the "Bagga loans").  Plaintiffs contend that the Baggas and the Chawla

defendants operated a RICO enterprise, the object of which was to defraud the lender by

converting the proceeds of the loans and frustrating efforts later to collect them.

3.        The Baggas' originating lender was Captec (or an affiliated entity) who, after the

Baggas' loan defaults and a failed effort to work-out the defaults, allegedly assigned the loans,

which were secured by the Arby's acquisitions, to plaintiff FL Receivables Trust 2002-A ("FL

Receivables"), Captec's alleged successor-in-interest.   Through a series of lawsuits in Texas and

Pennsylvania, FL Receivables has aggressively pursued the collection of the Bagga loans.  In this

case, the latest iteration of the FL Receivables lawsuits, it has expanded the target area of its

collection efforts to include the Chawla defendants.  The individual Chawla defendants,

Ravinder and Hardeep Chawla, are relatives of the Baggas, and the Baggas, from time to time,

engaged in business with the Chawlas.

### The Chawla Defendants Attempt to Resolve the Objections

4.        Promptly upon receiving the Objections, counsel for the Chawla defendants hand-

delivered a letter, Exhibit "C," to Captec's counsel, Linda Casey, proposing that the parties

confer as to the Objections.  When Ms. Casey did not respond, counsel for the Chawla

defendants telephoned her and left her a voice mail message seeking to open a dialogue.  Rather

than confer with counsel for the Chawla defendants, Captec's counsel's response was to send an

adversarial email dated May 24, attached as Exhibit "D."

     5.     Captec has been largely intransigent in its position that it will not produce

documents in response to the Subpoena, contending that its prior productions to FL Receivables

largely in preceding litigation (in which the Chawla defendants were not parties) satisfied any

obligation that it has to the Chawla defendants in this proceeding.  Captec's counsel's email

invited the Chawla defendants to review a new production they were making to FL Receivables

on May 25 ("your clients are welcome to inspect and/or copy any of those documents") and

promised a privilege log on May 25.  Counsel for the Chawlas accepted this invitation and asked

to review those materials.  <u>See</u> letter of  May 30, 2007 attached as Exhibit "E."  Inexplicably,

Captec's counsel has not been heard from again.  The Chawla defendants therefore make this

motion to compel production of the materials scheduled in the Subpoena.

<u>**Basis for the Relief Requested**</u>

     6.     The Motion should be granted for the following reasons.  First, the Chawla

defendants cannot rely on the discovery of Captec taken by the plaintiffs.  The interests of the

Chawla defendants are plainly different from those of the plaintiffs and their document requests

differ from those made by the plaintiffs.

     7.     Second, the subpoenaed entities were pivotal participants in the transactions

alleged by the plaintiffs -- Captec was the originator of the Bagga loans and engaged in efforts to

collect or work-out the Baggas loan defaults before assigning the loans.

     8.     Third, except for a production of Captec documents received from the plaintiffs

on May 17, 2007, the large electronic discovery data base received by the Chawla defendants

3

from the plaintiffs containing some documents previously produced by Captec to them cannot be

sorted by Captec production designations (i.e., Bates labels) so as to enable the Chawla

defendants to determine what Captec produced and the sufficiency of that production.

9.     Fourth, a review of the documents produced by the plaintiffs, including the

Captec documents contained therein, suggests that the production does not include all of the

documents sought in the Subpoena, including by way of example:

(a)     many documents involving the transfer or assignment of the Bagga loans

to FL Receivables (Captec apparently assigned some or all of the Bagga loans to FL

Receivables in settlement of a dispute between them, though no documents bearing on

those events was produced by Captec);

(b)     email and electronic documents, of which few were produced by the

Captec to the plaintiffs (the Chawla defendants are entitled to assurance that these

materials have been thoroughly searched and produced);

(c)     the master documents referenced in the few loan assignment documents

that were produced (documents not produced);

(d)     all communications between Captec and FL Receivables or its agents

regarding the loan recovery efforts (few such documents were produced);

(e)     documents addressing the issue of who was the economic beneficiary of

the Bagga loans (real party in interest)(documents not produced);

(f)     all communications between Captec, FL Receivables and/or Prudential

(beneficiary of the FL Receivables' trust) regarding the Bagga loans and the litigation

and collection efforts that ensued (few of which were produced); and

(g)    notes, calendars and other individual files of the Captec personnel who worked on the Bagga loans (none of which were produced).

10.    Captec has played fast and loose with its responsibilities under the Subpoena served on it. They should be ordered to produce the subpoenaed documents forthwith.

### Statement Pursuant to Rule 7.1.1

11.    As explained above, counsel to the Chawla defendants has made a reasonable effort to reach an agreement with Captec to resolve the issues regarding the Subpoena.

WHEREFORE, the Chawla defendants respectfully request that the Court enter an order enforcing the Subpoena issued by it and served upon Captec, thereby compelling them to comply with the Subpoena; award the Chawla defendants their fees and attorneys' fees incurred in prosecuting the Motion; and grant any further relief as is just and proper.


Dated: July 23, 2007                    Respectfully submitted,

                                        **BUCHANAN INGERSOLL & ROONEY PC**

                                        Peter J. Duhig (No. 4024)
                                        The Brandywine Building
                                        1000 West Street, Suite 1410
                                        Wilmington, DE  19801-1054
                                        Phone:  (302) 522-4200
                                        Facsimile:  (302) 552-4295
                                        E-mail:  peter.duhig@bipc.com

                                        and

                                        Richard M. Simins
                                        Paul C. Madden
                                        Jeffrey M. Carbino
                                        Donald W. Myers
                                        BUCHANAN INGERSOLL & ROONEY PC
                                        1835 Market Street
                                        Fourteenth Floor
                                        Philadelphia, PA 19103-2985

5

Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760

Attorneys for Defendants Ravinder
Chawla, Hardeep, Chawla, Sant
Properties, HB Properties, Inc., HB
Properties LLP and World Apparel
Products, Inc.

# Exhibit A

# United States District Court
### FOR THE DISTRICT OF DELAWARE

In re:

Jamuna Real Estate LLC; Bagga Enterprises, Inc.; United
Management Services, Inc.

_____

Marvin Krasny, in His Capactiy as Chapter 7 Trustee of
United Management Services, et al.

                                                Plaintiffs,

          v.

Pratpal Bagga; et al.

                                                Defendants

In the United States Bankruptcy Court for the
Eastern District of Pennsylvania

Case Nos. 04-37130 (SR); 04-37136 (SR); 04-37132
(SR) (consolidated under 04-37136(SR))

Adversary nos. 06-128; 06-129; 06-130

**SUBPOENA IN ADVERSARY PROCEEDING
PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9016 AND
FEDERAL RULE OF CIVIL PROCEDURE 45**

TO:    CAPTEC Financial Corporation
       c/o Corporation Trust Center
       1209 Orange Street
       Wilmington, DE  19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in
the above case

| PLACE OF TESTIMONY: | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the
above case   The topics upon which you will be requested to testify in accordance with Rule 30(b)(6) are set forth in Attachment
"A" hereto

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects): See attached Schedule of Documents.

| PLACE<br>Buchanan Ingersoll & Rooney PC<br>1000 West Street, Suite 1410<br>Wilmington, DE  19801-1054 | DATE AND TIME<br>May 16, 2007<br><br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

          Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing
agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify, Fed R Civ P  30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant)<br><br>Paul C  Madden, Esquire <br>Attorney for Defendants | DATE<br><br>May 1, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
       Paul C. Madden, Esquire
       Buchanan Ingersoll & Rooney PC
       1835 Market Street
       Philadelphia, PA 19103
       (215)-665-8700

## PROOF OF SERVICE

| SERVED | DATE | PLACE CAPTEC Financial Corporation c/o Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 |
|---|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

Rule 45, Fed R Civ P , Parts (c) & (d):

**(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction. which may include. but is not limited to. lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books. papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial

(B) Subject to paragraph (d)(2) of this rule. a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance If such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made. the party serving the subpoena may, upon notice to the person commanded to produce. move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may. to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d)     DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

### Definitions.

1. The words "you" and "Captec" refer to Captec Financial Corporation, together with any of its subsidiaries and affiliates, including Captec Financial Group, Inc., Captec Financial Group Funding Corporation and any of its or their officers, directors, partners, limited partners, consultants, attorneys, accountants, employees or agents of such entities or persons acting on its or their behalf.

2. The words "Bagga Entity" or "Bagga Entities" refer to any or all of the following: Bagga Enterprises, Inc.; Jamuna Real Estate, LLC; United Management Services, Inc.; Welcome Group, Inc.; K&P Real Estate, LLC; American Merchandise Co., Inc.; American Merchandising Co., Inc.; 21st Century Restaurant Solutions, Inc.; 1878 Exeter Corp.; Brand Trade; and any other entity in which Pratpal and/or Khushvinder Bagga own or hold a 50% or greater ownership interest, as well as any successor or transferee of all or part of the ownership interest(s) of any of these. Bagga Entity also means any affiliates, designees, assignees, divisions, subdivisions, subsidiaries, related parties to any entity described in this paragraph, and any entities controlled by any of the foregoing.

3. The words "Chawla Entity" or "Chawla Entities" refer to any or all of the following: World Apparel Products, Inc.; World Acquisition Partners; Sant Properties, Inc.; Vertical Brands; Sun Apparel; Ten Tigers, Inc.; SJM Trading; HB Properties; and any other entity in which Ravinder Chawla and/or

Hardeep Chawla own or hold a 50% or greater ownership interest, as well as any successor or transferee of all or part of the ownership interest(s) of any of these. Chawla Entity also means any affiliates, divisions, subdivisions, subsidiaries, assignees, designees, related parties to any entity described in this paragraph, and any entities controlled by any of the foregoing.

4.     The letters "FL" refer to FL Receivables Trust 2002-A, as well as to any of its parent corporations, subsidiaries and affiliates, including Prudential Securities Credit Corp , LLC, Prudential Securities Incorporated, Prudential Insurance Company and any of its or their officers, directors, partners, limited partners, consultants, attorneys, accountants, employees or agents of such entities, their successors or assigns, or persons acting on its or their behalf.

5.     The word "communications" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.     The word "documents" shall have the same full meaning as in Fed. R. Civ. P. 34 and FRE 1001 and shall include all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries, electronic communications, e-mail, voice mail, computer disks, magnetic tapes, software, computer information, statistics, letters, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins,

computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings.

7.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8.    The word "or" includes "and" and vice versa.

9.    The word "any" includes "all" and vice versa.

## Instructions.

If you contend or believe that a privilege or other protection enables you to withhold any information sought by any Request, you must:

(a)    state the nature of the privilege or doctrine claimed;

(b)    state the nature and identity of the attorney (or other appropriate party) with respect to whom the privilege or doctrine is claimed;

(c)    state the basis for claiming the privilege or doctrine as to the specific information or document involved;

(d)    in the event that any such document is requested to be identified, set forth in writing a statement identifying each such document by author, addressee, persons to whom

3

copies were furnished, and date, together with a description

of the subject matter of each such document; and

(e)    if any privilege or doctrine is claimed with respect to any

information, identify each person who has had knowledge of

such information, or to whom such information has been

communicated in any way at any time.

### Listing of Documents to be Produced.

1.    All documents referring or relating to any of the following or to any
loans made to them by you or any other entity or person:

a.    any Bagga Entity;

b.    any Chawla Entity;

c.    Pratpal Bagga;

d.    Khushvinder Bagga;

e.    Ravinder Chawla; and/or

f.    Hardeep Chawla.

2.    All documents other than attorney-client privileged
communications that refer or relate to any dispute or litigation between you
and FL, including the settlement of such dispute or litigation.

3.    All documents that describe, evidence, refer or relate to the
transfer, sale, assignment or other disposition to FL (or to any other person or
entity) of any loan, debt or obligation owed by any Bagga Entity to you or of any
right held by you deriving from or pertaining to any such Entity, loan, debt or
obligation.

4

4.     All documents setting forth, evidencing, discussing, explaining, or otherwise relating or referring to the consideration paid for any transfer, sale, assignment or other disposition about which inquiry is made in the preceding request.

5.     All due diligence and other investigations made by you or on your behalf relating to any business, real estate, leases, franchises equipment or other property owned, leased, purchased or operated by any Bagga Entity at any time.

6.     All communications between you and FL pertaining to any Bagga Entity, Chawla Entity, this litigation, loans or groups of loans assigned to FL by you that include any loans made by you to any Bagga Entity and any transaction into which any Bagga Entity entered or is alleged to have entered.

7.     All documents evidencing , explaining or relating to any appraisal, pricing, valuation (including any valuations by Deloitte and Touche or Pricewaterhouse Coopers), estimation or other assessment of the financial worth of any loan made to any Bagga entity, any business operated by them or any property that they held or proposed to acquire.

8.     All documents evidencing, describing, pricing, valuing or otherwise relating to the equipment installed in, purchased for or used by any Bagga Entity in operating Arby's franchises.

5

9.    All documents relating or referring to this litigation or any claim made herein by any party.

10.    All transcripts of any testimony in any proceeding commenced by FL on account of any default of any loan assigned by you to FL and any ASCII disks or other electronic record of same.

11    All documents relating to any Forbearance Agreement between any Bagga Entity, on the one hand, and you or FL, on the other.

12.    All records of payments made by any Bagga Entity of or on account of any loan made to any Bagga Entity by you or FL.

13.    All documents that refer or relate to any offer by any person or entity, including Groupo Investments, Inc. or Sant Properties, to purchase the properties owned by the Bagga Entities that were funded by you, including all documents relating to any consideration or analysis of such offer(s) by you or anyone else.

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Jamuna Real Estate LLC;<br>Bagga Enterprises; United Management<br>Services, Inc. | : | In the United States Bankruptcy Court<br>for the Eastern District of Pennsylvania |
| Marvin Kransny, in His Capacity as<br>Chapter 7 Trustee of United Management<br>Services, et al., | :<br>:<br>: | Case Nos. 04-37130(SR); 04-37136(SR);<br>04-37132 (SR) (consolidated under 04-<br>37136(SR)) |
| Plaintiffs, | :<br>: | Adversary Nos. 06-128; 06-129; 06-130 |
| v. | :<br>: | |
| Pratpal Bagga, et al., | :<br>: | |
| Defendants. | : | |

## CAPTEC FINANCIAL GROUP INC.'S OBJECTION TO SUBPOENA DUCES TECUM

Pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Captec Financial Group Inc. ("Captec") objects to production of the documents request in the subpoena *duces tecum* (the "Subpoena") served by the Defendants, on the following grounds:

1.    The Subpoena is overly broad and unduly burdensome.  The Defendants and their counsel have not taken "reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena," as required by Civil Rule 45(c)(1).

2.    The Subpoena seeks discovery that is unreasonably cumulative and/or duplicative.

3.    The Defendants are in possession of much of the material and documents requested to be produced by Captec, or there is another source that is more convenient, less burdensome or less expensive.

4.     The burden and expense of the proposed discovery sought in the Subpoena outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

5.     The Subpoena requires production in a short time frame, which is not feasible and would create an undue burden on Captec.

6.     The Subpoena seeks documents that are irrelevant to the claim or defense of any party in the adversary proceedings.

7.     The Subpoena seeks documents that are protected from discovery by the attorney-client privilege and/or attorney work product doctrine.

8.     The Subpoena seeks to impose burdens on Captec outside the scope of permitted discovery pursuant to Bankruptcy Rule 7026 *et seq.*

Dated: May 14, 2007

PEPPER HAMILTON LLP

Linda J. Casey
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Captec Financial Group, Inc.

# Exhibit C

**Buchanan Ingersoll ⚓ Rooney** PC
Attorneys & Government Relations Professionals

1835 Market Street
14th Floor
Philadelphia, PA  19103-2985
T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

**Paul C. Madden**
215 665 3860
paul.madden@bipc.com

May 15, 2007

**HAND DELIVERY**

Linda J. Casey, Esquire
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

      Re:   <u>BNY and Captec Subpoenas (Case Nos. 06-128, 06-129 & 06-130)</u>

Dear Ms. Casey:

      Please let me know when this week you are available to discuss the outstanding subpoenas to BNY Asset Solutions and Captec Financial. Although we reject the pro forma assertions in your letter of May 14 that the subpoenas are overbroad and that the documents called for are not easily retreivable, we are prepared to discuss a timetable for the production. I look forward to discussing these matters with you.

                    Very truly yours,

                    Paul C. Madden

PCM/

# Exhibit D

## Madden, Paul

**From:**    Casey, Linda J [CaseyL@pepperlaw com]
**Sent:**    Thursday, May 24, 2007 12:43 PM
**To:**      Madden, Paul
**Subject:** Captec and BNY Subpoena/Bagga Adversary Proceeding

Dear Mr. Madden,

As you know, I represent both Captec Financial Corporation and BNY Asset Solutions LLC in connection with the document subpoenas your clients have served upon them. I previously served formal written objections to both subpoenas

This is the third subpoena served upon Captec relating to the Bagga loans. In August 2003, Captec produced over 4,500 pages of documents to Jonathan W. Hugg, Esquire, at Obermayer Rebmann Maxwell & Hippel. These documents were bate stamped CAP00001-CAP04597. Your clients are free to make arrangements with the Obermayer firm to make copies of those documents.

This month, I have produced over 6,600 pages of documents to William K. Pelosi, Esquire, also of Obermayer This production includes many (if not all) of the documents originally produced in 2003. Your clients are welcome to inspect and/or copy any of those documents, bates stamped CT000001-CT006626.

I have informed Mr. Pelosi that Captec has an additional set of documents, approximately two banker's boxes worth, that are being made available for inspection and/or copying. They are currently being redacted (to eliminate information relating to Captec's clients who are not related to any of the Defendants), and bate stamped. We anticipate that they will be ready for inspection tomorrow. Your clients are also welcome to inspect and/or copy any of these documents, as well.

I will be finalizing Captec's privilege log, hopefully by tomorrow. Again, Captec will make the privilege log available to your clients.

In its 2007 production, responding to the Plaintiffs' overly broad requests, Captec is producing the following documents: all non-privileged documents contained in its retained client files for any of the Bagga Entities (Captec never did any business with any of the Chawla Entities); all non-privileged documents that were found searching the electronic email archives of Captec employees likely to have worked on any of the Bagga Entities' transactions, doing a name search for each of the Bagga Entities; and Captec's document retention policy.

Captec believes these two productions go well beyond what a court would require it to do if it were to fight the Plaintiffs' and the Defendants' 2007 subpoenas. If your clients believe that Captec is obligated to produce anything further in response to their subpoena, they will need to get a court order compelling Captec to do so.

The majority of BNY's files are copies of files Captec provided to it, and would be duplicative of Captec's production. In addition, most of its documents would be documents either provided from or provided to the Defendants themselves. The only files it believes it has that are not duplicative of Captec's files relate to the time period after Captec ceased acting as sub-servicer. These files would be limited to completing some of the receivership/foreclosure actions that were initiated by Captec but not finalized as of the transfer of servicing responsibility, and would be documents both publicly available and previously served on the Defendants. BNY continues to take the position that the expense, burden and cost of responding to your clients' subpoena is not outweighed by any benefit your client would achieve in forcing them to respond (and BNY does not believe there would be any benefit at all), would be duplicative, and would consist mostly of documents already in the Defendants' possession and/or public documents. Therefore, BNY will not respond to the subpoena absent a court order compelling it to do so. Nevertheless, BNY continues to remain willing to consider producing specifically identified documents that the Defendants would like to have produced, provided that your clients reimburse them for the expense of locating and producing such limited documents.

Linda J. Casey
Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215 981 4932 -Direct
215 981 4750 - Fax
caseyl@pepperlaw.com
www.pepperlaw.com

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in future then please respond to the sender to this effect.

5/25/2007

# Exhibit E

**Buchanan Ingersoll ⚹ Rooney** PC
Attorneys & Government Relations Professionals

1835 Market Street
14th Floor
Philadelphia, PA  19103-2985
T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

Paul C. Madden
215 665 3860
paul.madden@bipc.com

May 30, 2007

**HAND DELIVERY**

Linda J. Casey, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Re:    BNY and Captec Subpoenas (Case Nos. 06-128, 06-129 & 06-130)

Dear Ms. Casey:

Per my email of May 25, please let me know at your earliest convenience when we can review the "additional" documents referenced in your May 24 email.

Very truly yours,

Paul C. Madden

PCM/pm

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Jamuna Real Estate, LLC; Bagga Enterprises, Inc.; United Management Services, Inc.,<br><br>                  Debtors. | In the United States Bankruptcy Court for the Eastern District of Pennsylvania<br><br>Case Nos. 04-37130 (SR); 04-37136 (SR); 04-37132 (SR) (consolidated under Case No. 04-37136 (SR)) |
| Marvin Krasny, in his Capacity as Chapter 7 Trustee of United Management Services, Inc., et al.,<br>                  Plaintiffs,<br><br>v.<br><br>Pratpal Bagga, et al.,<br>                  Defendants. | Adv. Nos. 06-128, 06-129 and 06-130<br><br>Misc. No. |

## ORDER

Upon consideration of the Motion of Chawla Defendants to Compel Production of Documents Pursuant to Subpoena (the "Motion"); and adequate notice of the Motion having been given; and responses thereto having been heard; and there appearing to be good cause to grant the relief requested in the Motion; it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that Captec[1] shall fully comply with the Subpoena.

Dated:_____, 2007          _____

                                      United States District Judge

_____

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

#1008172-v2

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Jamuna Real Estate, LLC; Bagga Enterprises, Inc.; United Management Services, Inc.,<br><br>Debtors. | In the United States Bankruptcy Court for the Eastern District of Pennsylvania<br><br>Case Nos. 04-37130 (SR); 04-37136 (SR); 04-37132 (SR) (consolidated under Case No. 04-37136 (SR)) |
| Marvin Krasny, in his Capacity as Chapter 7 Trustee of United Management Services, Inc., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Pratpal Bagga, et al.,<br><br>Defendants. | Adv. Nos. 06-128, 06-129 and 06-130<br><br>Misc. No. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2007 I caused a true and correct copy of the foregoing Motion of Chawla Defendants to Compel Production of Documents Pursuant to Subpoena to be served by First Class U.S. Mail upon the following:

> Lawrence J. Tabas, Esquire
> Obermayer, Rebmann, Maxwell & Hippel LLP
> One Penn Center
> 1617 John F. Kennedy Blvd., 19th Floor
> Philadelphia, PA 19103
> Attorneys for Marvin Krasny, Chapter 7 Trustee
> and Gary Seitz, Chapter 7 Trustee

Patrick E. Fitzmaurice, Esquire
Thacher Proffitt & Wood
50 Main Street, 5th Floor
White Plains, NY 10606
Attorneys for Plaintiffs in Adv. Nos. 06-128-130

Linda J. Casey, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Attorneys for Objector

Andrew Teitelman
380 Red Lion Road, Suite 202
Huntingdon Valley, PA 19006
Attorney for Ravinder Chawla, Pratpal
Bagga, Welcome Group, Inc., K & P Real
Estate LLC, World Apparel Products, Inc.,
American Merchandise Co., Inc., 21st
Century Restaurant Solutions, Inc., Brand
Trade, Inc.

Dated: July 23, 2007

Peter J. Duhig (No. 4024)